**DINOVOPRICE**

DiNovo Price LLP
7000 N. MoPac Expressway
Suite 350
Austin, TX 78731

Nicole E. Glauser
nglauser@dinovoprice.com

512.539.2626   (o)
www.dinovoprice.com

**MEMO ENDORSED**

January 22, 2024

*Via ECF*
Hon. Valerie E. Caproni, U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2024

    Re.: *Preservation Technologies LLC v. Forbes Media LLC*
       Case No. 1:23-cv-10609 (VEC)
       Our File No.:  1865-101

Dear Judge Caproni:

  Along with co-counsel from The Law Offices of Andrew L. Crabtree, P.C., this firm represents Plaintiff Preservation Technologies LLC ("Plaintiff" or "Preservation") in two patent infringement actions filed in this Court on December 5, 2023: *Preservation Technologies LLC v. Forbes Media LLC* ("Forbes"), Dkt. 1:23-cv-10609 (S.D.N.Y. Dec. 5, 2023) (the "Forbes Action") and *Preservation Technologies LLC v. TIME USA, LLC* ("TIME"), Dkt. 1:23-cv-10611 (S.D.N.Y. Dec. 5, 2023) (the "TIME Action"). The Forbes Action was assigned to Your Honor, while the TIME Action was assigned to District Judge Vyskocil. Shortly after initiating these actions, on December 8, 2023, Preservation filed a Related Case Statement in the TIME Action. [Dkt. 11.]

  For the reasons stated below, Preservation respectfully requests that the TIME Action be designated as related to the first-filed Forbes Action and transferred to Your Honor. Counsel for Preservation has conferred with counsel for Defendants Forbes and TIME, who has stated that Defendants do not oppose Preservation's request.

  Pursuant to Rule 13(a)(1) of the Rules for the Division of Business Among District Judges ("Division of Business Rules"), Preservation requests that the TIME Action be transferred because it is plainly related to the Forbes Action and thus relating the actions and proceeding before a single judge will serve "the interests of justice and efficiency."  All of the relevant considerations— whether (A) the actions concern the same or substantially similar parties, property, transactions, or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses— support granting Preservation's unopposed request.

  The Forbes and TIME Actions involve the same plaintiff—Preservation. Although the actions involve different defendants, Defendants Forbes and TIME are from the same industry— news websites and streaming services—and are both represented by the same litigation counsel in these actions.  The Forbes and TIME Actions concern identical property—Preservation's U.S.

Hon. Valerie E. Caproni
U.S. Dist. Ct., S.D.N.Y.
January 22, 2024
Page -2-

Patent No. 6,353,831. And the Forbes and TIME Actions involve similar, if not identical, accused technology; that is, the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data on news websites and streaming services. And the patent claims to be asserted in these two actions will be substantially the same (and perhaps exactly the same). Consequently, these actions will entail similar claim construction issues and invalidity defenses. Further, because the defendants in the Forbes and TIME Actions offer news websites and streaming services, both actions are likely to raise other substantially similar issues and involve common evidence relating to, for example, proper reasonable royalty damages for any infringement. Finally, considering this commonality of issues, Preservation will likely use the same infringement, validity, and damages experts in both matters.

There is no reasonable basis to incur the undue burden on the Court, the parties, or the potential witnesses or risk of inconsistent rulings that could result from two different judges adjudicating the same patent claims asserted against defendants from the same industry with substantially similar accused technology and who are represented by the same litigation counsel. Relating the cases and assigning both actions to Your Honor will avoid unnecessary and substantial duplication of effort and expense by the Court, the parties, and witnesses.

Thus, we respectfully request that the Court grant Preservation's unopposed request and find the Forbes and TIME Actions related under Rule 13(a)(1). Please contact me if Your Honor has any questions or requires additional information. Thank you for your consideration.

Respectfully,

**DINOVO PRICE LLP**

By: _____
Nicole E. Glauser

cc: Counsel of Record (via ECF)

---

Application DENIED. Rule 13 of the Rules for the Division of Business Among District Court Judges in the Southern District of New York states that in determining relatedness, a judge will consider whether the actions involve "substantially similar parties." Although Forbes and TIME are both media companies, they are still different defendants. As such, the Motion to regard the TIME Action as related and to transfer to the Undersigned is DENIED.

1/22/2024

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE